IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARTER W. SAMUELS,[1] | § | |
| | § | |
| Respondent Below, | § | No. 237, 2015 |
| Appellants, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| DARLENE JOWERS and | § | |
| CASANDRA JOWERS, | § | File No. CS14-02895 |
| | § | Petition No. 14-32396 |
| Petitioners Below, | § | |
| Appellees. | § | |

Submitted: August 28, 2015
Decided:     November 10, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 10th day of November 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Carter W. Samuels ("the Father"), filed this appeal from the Family Court's April 20, 2015 order granting the appellees, Darlene Jowers ("the Maternal Grandmother") and Casandra Jowers ("the Maternal Great-Grandmother" and, with the Maternal Grandmother, "Grandmothers") visitation of one afternoon a month with the Father's daughters.  We find no error or abuse of

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

(2) The Father and Kelly Howard ("the Mother") are the parents of twin daughters born in April 2009 ("the Children"). The Father, the Mother, and the Children lived with the Maternal Grandmother for approximately one year and then the Children split their time between the Mother, who lived with the Maternal Grandmother, and the Father. After the Father obtained temporary placement of the Children in 2013, the Mother did not maintain visitation with the Children and the Grandmothers had almost no contact with the Children. The Father obtained sole custody of the Children in September 2014 after the Mother failed to appear for a custody hearing.

(3) In November 2014, the Grandmothers filed a petition for visitation with the Children against the Father and the Mother. The Mother did not oppose visitation. The Father opposed visitation because the Maternal Grandmother told the Children during previous custody proceedings that she and the Mother would regain custody, the Mother had expressed concern to him about the Maternal Grandmother seeing the Children due to drug and stability issues, and the Children did not mention the Grandmothers to the Father or to their counselor during the custody proceedings.

(4) The Family Court held a hearing on the visitation petition on April 20, 2015 and heard testimony from the Father, the Maternal Grandmother, the Mother, and the Maternal Great-Grandmother. As to the Father's claim that the Maternal Grandmother inappropriately told the Children in spring of 2014 that she and the Mother would get the Children back, the Maternal Grandmother testified that she only responded affirmatively to the Children's request that she take them for pizza sometime. The Maternal Grandmother also stated that she only sought visitation with the Children, not custody. The Mother denied telling the Father that the Maternal Grandmother should not see the Children due to instability and drug abuse. There was testimony that the Maternal Grandmother and the Mother had disagreements regarding the Mother's relationship with an ex-boyfriend.

(5) As to Father's claim that the Children did not mention the Maternal Grandmother during counseling sessions, the Family Court noted that the Children were young. The Maternal Grandmother pointed out that the Children did not see her for an extended period and it was unsurprising they failed to mention her. The Father, who had a history of drug abuse like the Mother and pled guilty to delivery in 2014, also claimed for the first time at the hearing that he had observed the Maternal Grandmother abuse Percocet while living with her. The Maternal Grandmother admitted that she once had a prescription for Percocet, but denied the Father's claims of drug abuse and stated that she had not used Percocet for more

3

than a year. The Family Court questioned the veracity of the Father's claims in light of his admission that he did not try to remove the Children from the Maternal Grandmother's house, despite her alleged drug abuse.

(6) At the conclusion of the hearing, the Family Court reviewed the parties' testimony and granted the Grandmothers' petition for visitation. The Family Court ordered that the Grandmothers have visitation with the Children one Sunday afternoon a month. This appeal followed.

(7) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[5] Before granting the petition for third-party visitation, the Family Court had to find that visitation was in the best interests of the Children and, in light of the Father's objections to visitation, that the Grandmothers had shown by clear and convincing evidence that the Father's objections were unreasonable and had demonstrated by a preponderance of the

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*
[5] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

4

evidence that visitation would not substantially interfere with the Father's relationship with the Children.[6]

(8)     On appeal, the Father claims the Family Court erred because: (i) the Maternal Grandmother has been involved in altercations in front of the Children with members of his family before and after the April 2015 hearing; (ii) the Maternal Grandmother bothered and upset the Children when she picked up her grandson at their daycare in May 2015; (iii) the Children have asthma and the Maternal Grandmother smokes; (iv) the Children never mentioned the Grandmothers to their counselor or to the Father; and (v) the Family Court ignored the Father's concern that the Grandmothers would allow the Mother to see the Children during their monthly visits.   In her answering brief, the Maternal Grandmother disputes the Father's allegations and reiterates the Grandmothers' desire to see the Children again.

(9)     With the exception of the Father's claim that the Children did not mention the Grandmothers to their counselor or the Father, the Father did not raise these claims, some of which are based on events after the April 2015 hearing, in

---

[6] 13 *Del. C.* § 2412.

the Family Court visitation proceedings. We cannot consider claims that were not before the Family Court in the first instance for the first time on appeal.[7]

(10) As to the Father's objection that the Children did not mention the Grandmothers to the Father or to their counselor (who was not present at the April 2015 hearing) during the previous custody proceedings, the Family Court did not err in concluding that visitation was in the best interests of the Children or that the Grandmothers provided clear and convincing evidence that this objection to visitation was unreasonable. We must uphold the Family Court's findings as long as "they are logical and supported by the evidence."[8] The visitation hearing testimony accurately supports the Family Court's conclusion that visitation with the Grandmothers was in the Children's best interests. It is undisputed that the Children had regular contact with the Grandmothers until they were four years old and the Father obtained temporary placement. The fact that the Father claims the Children have not mentioned the Grandmothers does not make the Family Court's findings clearly erroneous or illogical. As the Family Court noted, the Children were young. It is also undisputed that once the Father obtained temporary

---

[7] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review...."); *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) (stating "[i]t is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court" and striking materials from appendix that were outside of record on appeal). We note that the Family Court may modify an order granting third-party visitation at any time, if modification would be in the best interests of the child. 13 *Del. C.* § 2413.
[8] *In re Stevens*, 669 A.2d 33, 34-35 (Del. 1995).

placement in 2013 the Children had almost no contact with the Grandmothers. Given the Children's young age and their lack of contact with the Grandmothers, the Family Court did not err in finding that the Children's failure to mention the Grandmothers was an unreasonable objection to visitation.

(11) The Family Court correctly applied the law in determining that the Grandmothers satisfied the standard for third-party visitation under 13 *Del. C.* § 2412. Under the circumstances, we find no error or abuse of discretion in the Family Court's ruling. Accordingly, we affirm the Family Court's decision to grant the Grandmothers' petition for visitation.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

7